**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 15-3211

———————

UNITED STATES OF AMERICA

v.

BRANDON THOMPSON, a/k/a B-ROCK, a/k/a ROCK,
a/k/a RIZZLE, a/k/a RIZZIE

Brandon Thompson,
Appellant

———————

Nos. 15-3212

———————

UNITED STATES OF AMERICA

v.

BRANDON THOMPSON,
Appellant

———————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Nos.: 2-13-cr-00058-001 and 2-14-cr-00139-001)
District Judge: Honorable Cathy Bissoon

———————————————

Submitted under Third Circuit L.A.R. 34.1(a)
on September 12, 2017

Before: VANASKIE, RENDELL, and FISHER, Circuit Judges

_____

O P I N I O N[*]

_____

**RENDELL**, <u>Circuit Judge</u>:

Brandon J. Thompson appeals the District Court's denial of his motion to suppress wiretap recordings made by the Government. Thompson also appeals the denial of his motion to dismiss the indictment on the grounds that his Sixth Amendment right to a speedy trial was violated. We will affirm the denial of both motions.[1]

I.

Thompson, along with seven other co-defendants, was charged with several crimes related to his participation in a heroin distribution conspiracy. Thompson ultimately pled guilty and was sentenced to 180 months in prison.

Prior to trial, the Government notified Thompson that it planned to introduce inculpatory statements collected through court-ordered telephone wiretaps. Thompson filed a motion to suppress the wire intercepts, arguing that 18 U.S.C. § 2518(8)(a) required the Government to prove "actual" sealing of the wiretap tapes. A.202. The Government argued that, in light of "a signed order from a district court judge that says

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] We possess jurisdiction over this appeal from a final district court decision pursuant to 28 U.S.C. § 1291.

they were sealed," it did not need to provide any additional evidence that the tapes had been sealed as required by the statute. A.394. The District Court denied the motion to suppress, finding "[t]he sealing order [was] sufficient evidence that the wiretaps in this case were properly sealed." A.395.

At the conclusion of the motions hearing, the District Court set a trial date for December 1, 2014. The next day, the Government requested a continuance, citing the volume of evidence they needed to organize and the need to pursue further plea discussions with a number of the defendants. This motion was granted and the trial date was pushed back to January 12, 2015.

Thompson—along with co-defendant Santino Drew—had also been indicted for possession with intent to distribute cocaine in another jurisdiction in February 2013. On November 4, 2014, the District Court granted the Government's motion, over Thompson's objection, to consolidate the indictments. Just four days before the Government's motion was heard, Drew was appointed a new attorney who subsequently moved for a continuance to familiarize himself with the case. The District Court granted the motion, pushing the trial date back until May 4, 2015. Thompson's counsel did not object to this continuance. A.596.

In April 2015, Thompson's counsel filed a motion to dismiss the indictment on the grounds that his Sixth Amendment right to a speedy trial had been denied. By that time, Thompson had been held in pretrial detention for roughly twenty-five months. His trial was scheduled for twenty-six months after the first indictment had been issued and nineteen months after the second indictment. The Government argued that it was only

responsible for the month delay between December 2014 and January 2015—all the other delays were attributable to Thompson or his co-defendants. The District Court denied Thompson's motion to dismiss. A.596.

Thompson entered a guilty plea just days before his scheduled trial. In his plea agreement, he specifically reserved the right to appeal the District Court's denial of his motion to suppress the wiretap evidence and the denial of his motion to dismiss based on a violation of his Sixth Amendment right to a speedy trial.

## II.

We first consider whether the District Court properly found that the wiretap tapes were sealed in compliance with 18 U.S.C. § 2518. This determination is a finding of fact, which is subject to a clear error review. *United States v. Kennedy*, 638 F.3d 159, 163 (3d Cir. 2011); *United States v. Vastola*, 25 F.3d 164, 167 (3d Cir. 1994). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Velazquez*, 749 F.3d 161, 176 (3d Cir. 2014) (citation omitted).

Section 2518(8)(a) of the wiretap statute states, in part:

Immediately upon the expiration of the period of the [wiretap] order, . . . such recordings shall be made available to the judge issuing such order and sealed under his directions. . . . The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.

4

18 U.S.C. § 2518(8)(a). The sealing orders were in fact signed and the District Court expressed satisfaction at the omnibus motion hearing that the orders were sufficiently followed. A.394–95. Thompson did not present the District Court with any additional evidence that the wiretap tapes had not been sealed or that there was any delay in their sealing. Thus we cannot conclude, based on this body of evidence, that the District Court clearly erred in finding the tapes had been sealed.

Nor did Thompson allege that the wiretap tapes had been tampered with or otherwise failed to accurately reflect his conversations. Section 2518(8)(a)'s purpose is to "protect the recording [of wiretap evidence] from editing or other alterations." *United States v. Ojeda Rios*, 495 U.S. 257, 259 (2009). Thompson suggests that the Government bore the burden of proving, as a threshold matter, that the wiretap tapes had been sealed in compliance with § 2518. We need not determine whether this burden indeed lies with the Government. However, it is unlikely that—absent some allegation of tampering—the Government must prove as a threshold matter that the tapes were not tampered with. *See United States v. Burgos-Montes*, 786 F.2d 92, 104 (1st Cir. 2015) ("On appeal, [defendant] again offers no allegations of tampering. While the burden of proof is on the government, this does not mean the government must prove a negative . . . .").

III.

We next turn to Thompson's argument that his Sixth Amendment right to a speedy trial was violated.[2] "We exercise *de novo* review over legal questions in a claim of Sixth

---

[2] On appeal, Thompson relinquishes his argument under the Speedy Trial Act. 18 U.S.C. § 3161 *et seq*.

Amendment error and review the underlying factual findings for clear error." *United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014) (citation omitted).

Whether a defendant was denied the right to a speedy trial requires application of the factors established in *Barker v. Wingo*, 407 U.S. 514 (1972). "The inquiry focuses on: (1) the length of delay before trial; (2) the reasons for the delay and, specifically whether the government or defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *Claxton*, 766 F.3d at 293 (citations omitted). Both parties agree that the threshold issue—length of delay—favors Thompson because he was held in pretrial detention for twenty-six months. A525. We note, however, that this delay is not so severe as to weigh heavily in favor of Thompson, particularly since this case was part of a large-scale prosecution against a total of thirty-three defendants engaged in a complex drug distribution conspiracy. *See Barker*, 407 U.S. at 531 ("the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.").

The second *Barker* factor weighs heavily against Thompson. Defendants bear the responsibility of delay caused by their co-defendants, and such delay cannot be attributed to the Government. *Claxton*, 766 F.3d at 295 ("[T]hat delay was excusable as a result of the myriad [of] motions and appeals filed by [defendant] and his co-defendants. Such excusable delay is subtracted from the delay attributable to the government.") (citation omitted)). Thompson alleges a twenty-six month delay. Brief for Appellant, 30. We agree with the District Court that the Government was responsible for at least one-month

6

of delay (the December 2014 to January 2015 trial continuance). A.596. Thompson claims that the Government is also responsible for the four-month delay caused by his co-defendant Drew's requested continuance. He suggests that when the Government filed its motion to consolidate the two trials, it should have anticipated that Drew's newly-appointed counsel would request a continuance. Even if we were to accept this argument, the Government would still only be responsible for five of the twenty-six months of delay.[3] Thompson cannot escape the fact that the majority of the delay was a result of Thompson and his co-defendants' myriad of pretrial motions. This second factor therefore weighs against Thompson.

With regard to the third *Barker* factor, the Government concedes that Thompson asserted and preserved his right to a speedy trial. However, this factor does not weigh heavily in favor of Thompson since he himself filed a number of pre-trial motions, sought two continuances, and did not object to his co-defendants' various pre-trial motions. *See Barker*, 407 U.S. 536 (finding that a defendant's failure to object to continuances weighed against finding a violation of his right to a speedy trial). And Thompson concedes that the fourth factor—prejudice—weighs against him. Brief for Appellant, 27.

---

[3] The Government contends that Thompson has waived the argument that the Government is responsible for this four month delay because he did not preserve it for appeal. Because we decide that the second *Barker* factor weighs against Thompson even if we do attribute those additional four months to the Government, we need not decide whether Thompson properly preserved the argument for appeal.

7

Because two of the four *Barker* factors weigh against Thompson and the remaining two only weakly favor him, the denial of Thompson's motion to dismiss the indictment on grounds of a Sixth Amendment violation is affirmed.

## IV.

Accordingly, we will affirm the Orders of the District Court.